### In re CARLSON.

District Court, D. Idaho, E. D. October 25, 1926.

No. 3118.

1. **Bankruptcy** ⊂⊃408(1)—**False oath to schedules, which will bar discharge, must be willful.**

To constitute a false oath, which will bar discharge by omission of property from schedules, the omission must be willful, so that the verification amounts to perjury.

2. **Bankruptcy** ⊂⊃408(3)—**Discharge is not barred by "concealment of property," unless it is willful.**

To constitute "concealment of property," which will bar discharge in bankruptcy, there must be actual fraud.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conceal—Concealment.]

In Bankruptcy. In the matter of Axel W. Carlson, bankrupt. On objections to discharge. Overruled, and discharge granted.

F. M. Bistline, of Pocatello, Idaho, for objecting creditors.

A. S. Dickinson, of Blackfoot, Idaho, for bankrupt.

DIETRICH, District Judge. There is no substantial evidence to support the first objection relating to the keeping of books of account, and the second relating to the alleged payment by the bankrupt to his attorney of $100, and they are overruled without comment.

[1, 2] The other charges are either of false statements in the verified schedules or of fraudulent removal or concealment of property, and all involve the same general question. Such objection cannot be sustained, unless it appears that the conduct of the bankrupt was immoral; that is to say, a mere misstatement of fact in the schedules would not be a sufficient ground for denying discharge, nor would the fact that the bankrupt failed to list one of his items of indebtedness, nor the fact that not all of his property was turned over or exhibited to the trustee. There must be a willful misstatement of fact under oath, which in effect constitutes perjury. There must be a willful withholding or concealment—in short, actual fraud.

With this rule of law in mind I have given careful consideration to the evidence, and, while it is not entirely satisfactory, I have not been able to find that the bankrupt knowingly made a false oath or willfully withheld or concealed his property. We are very greatly handicapped in getting at the exact truth, and giving true significance to some of the facts, because of the circumstance that the bankrupt manifestly speaks and understands the English language imperfectly, and some of the testimony tending to establish the charges are explained away by the reasonable view that he was either misunderstood or himself had a misapprehension of what was said to him. Bankrupts as a rule have very little knowledge of the law, and must depend upon counsel, and sometimes, in making up schedules, it is no easy matter to get all the facts from one who understands and speaks the English language so imperfectly. And like considerations apply to the efforts of attaching creditors to elicit information. Undoubtedly the relations between the bankrupt and some of his neighbors with regard to crops and the disposition of the same, and to indebtedness,

were somewhat complex, and it would probably require some time and patience to unravel these relations and get at the exact truth.

Upon the whole, while there is room for suspicion that there may have been an attempt to withhold and conceal and dispose of property, after all it amounts to little, if anything, more than suspicion, and I feel constrained to overrule the objections.